IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE B.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1272-SMY |
| | ) |
| KILOLO KIJAKAZI, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff George B. seeks judicial review of the final agency decision denying his application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423.

## Procedural History

Plaintiff applied for DIB on March 4, 2020, alleging a disability onset date of July 21, 2016 that was later amended (Tr. 150). His claims were denied initially on July 10, 2020, and again on reconsideration on September 28, 2020 (Tr. 99, 109). Plaintiff requested an evidentiary hearing which took place on March 25, 2021 (Tr. 31). The Administrative Law Judge ("ALJ") denied Plaintiff's application on May 6, 2021 (Tr. 25).

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final agency decision subject to judicial review (Tr. 1). Plaintiff exhausted administrative remedies and filed a timely Complaint with this Court.

---

[1] In keeping with the Court's practice, Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed.R.Civ.P. 5.2(c) and the Advisory Committee Notes.

## Issue Raised by Plaintiff

Plaintiff raises the following issue for judicial review:

> The ALJ erred when relying on the Vocational Expert's ("VE") incidence data method (JobBrowser) in determining that a significant number of jobs existed for Plaintiff.

## Legal Standard

To qualify for DIB, a claimant must be disabled within the meaning of the applicable statutes. Under the Social Security Act, a person is disabled if he or she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

In determining whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform his or her former occupation? and (5) Is the claimant unable to perform any other work? *See* 20 C.F.R. § 404.1520. An affirmative answer at either step 3 or 5 leads to a finding that the claimant is disabled. A negative answer at any step other than at step 3 precludes a finding of disability. The claimant bears the burden of proof at steps 1–4. If the claimant establishes an inability to perform past work, the burden shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g).  Thus, the Court is not tasked with determining whether Plaintiff was disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for substantial evidence, the Court considers the entire administrative record, but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ.  *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019).  At the same time, judicial review is not abject; the Court does not act as a rubber stamp for the Commissioner.  *See Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010).

### **Decision of the ALJ**

Here, the ALJ followed the five-step analytical framework with respect to Plaintiff's application.  He determined that the Plaintiff had not engaged in substantial gainful activity since the amended onset date of July 18, 2018, and that he had the impairments of depressive, bipolar, and related disorders, along with anxiety and obesity (Tr. 15).  He further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 CFR Part 404 (Tr. 16).

The ALJ found Plaintiff's residual functional capacity ("RFC") to be the following:

> Medium work as defined in 20 CFR 404.1567(b) except for the following limitations.  The claimant can have no use of hazardous machinery and no exposure to unshielded moving mechanical parts.  The claimant can have no exposure to unprotected heights.  There can be no driving of motor vehicles as part of the work function.  The claimant is able to carry out detailed but

>uninvolved instructions in the performance of simple, routine and repetitive tasks in a low stress work environment with no fast-paced production requirements involving simple work-related decisions, and with only occasional judgment and work place changes. The claimant can have no interaction with the general public and only occasional interaction with coworkers and supervisors with no teamwork or tandem work with coworkers.

(Tr. 18)

The ALJ concluded that Plaintiff was not disabled because he could perform jobs that exist in significant numbers in the national economy (Tr. 24).

## The Evidentiary Record

The Court reviewed and considered the evidentiary record in preparing this Memorandum and Order. The following summary of the record is directed to the issues raised by Plaintiff.

### Agency Forms

Plaintiff was born in 1985 and was 33 years old on the alleged onset date of July 18, 2018 (Tr. 77). Plaintiff's alleged disability was based on depression, bipolar, and related disorders (Tr. 76).

### Evidentiary Hearing

Plaintiff was represented by counsel at his hearing on March 25, 2021 (Tr. 31) and testified to the following: He lives with his wife and limits his driving because he falls asleep (Tr. 40). He graduated from college with a degree in English language and literature (Tr. 41). He worked for a year and a half as an avionics technician (Tr. 41). He studied avionics repair in the military (Tr. 42). He has been in a deep depression for a year or two, with his doctors modifying his medications (Tr. 44). He had manic episodes in the past during which he spent

thousands of dollars on unnecessary items like guitars (Tr. 45). When he has his low periods, he sleeps for 13-14 hours a day and struggles to get out of bed (Tr. 47).

The VE testified that Plaintiff would not be able to perform his past work as an avionics technician due to his limitations (Tr. 51). The VE concluded that Plaintiff could perform jobs such as cleaner, laundry worker, and garment worker (Tr. 52). According to the VE, this finding is consistent with the Dictionary of Occupational Titles (DOT) (Tr. 53).

Plaintiff's counsel had the following exchange with the VE after her analysis of Plaintiff's job capabilities:

> [Atty]: Ms. Stahr, can you tell us how you estimated your job numbers?
>
> [Vocational Expert Stahr]: The four data sources for the job numbers come primarily from the Bureau of Labor Statistics and Census data, I do use SkillTRAN program by Job Browser and Job Browser Pro by SkillTRAN to disseminate that information also a lot of different number and because it's not a specific – it's a moving target, I do round my numbers. It looks like primarily to the thousands and safe just because of not that much specificity.
>
> [Atty]: Thank you, I don't have any other questions.

(Tr. 54).

The hearing concluded shortly thereafter (Tr. 55).

## Relevant Medical Records

In November 2013, Plaintiff presented to Via Christi Hospitals Witchita, Inc. for mental issues, including depressed mood, mania, anxiety, and sleeping difficulties (Tr. 259). He stayed inpatient for 8 days for a mood disorder before being discharged to home (Tr. 290).

In December 2013, Plaintiff presented to the 22nd Medical Group in the McConnell Air Force Base in stable condition but with anxiety over his future (Tr. 406). He was noted as

having Bipolar I Disorder with a recent episode and provided with psychiatric medications and counseling (Tr. 424).

From December 2013 to May 2016, Plaintiff presented to Affiliated Psychiatric LLC to be prescribed and monitored on mood disorder medications such as Lamictal (Tr. 864).

On July 6, 2018, Plaintiff saw a family medicine doctor at Saint Anthony's Physician Group Family Medicine for Bipolar I Disorder and obesity (Tr. 968). He was encouraged to have daily physical activity and a well-balance diet (Tr. 970).

In May and July 2019, Plaintiff presented to the Southern Illinois Healthcare Foundation on several mood disorder medications (Tr. 878). He was again diagnosed with Bipolar I Disorder (Tr. 885). Plaintiff resumed going to the Southern Illinois Healthcare Foundation in 2019 and 2020, often with the same symptomology of mood swings, increased sadness, irritability, fatigue, and loss of interest in daily activities; resulting in the same diagnosis of Bipolar I disorder (Tr. 908).

On September 4, 2019, Plaintiff saw Nurse Practitioner Bethany Huelskoetter for anxiety and depression. He told her that he had seen a man riding around suspiciously in his neighborhood and his wife stated that his anxiety and mania are out of control (Tr. 971). He was diagnosed with Bipolar I Disorder and anxiety and ordered to use medication as needed (Tr. 972).

On October 24, 2019, Plaintiff went to the Emergency Department at the Community Memorial Hospital Staunton with mood swings throughout the day and a feeling of increasing worthlessness (Tr. 993). Plaintiff's wife reported that he had suicidal thoughts, but Plaintiff denied it (Tr. 995). He was noted to have Bipolar I Disorder (Tr. 995).

## Discussion

At step five of the sequential analysis, if the ALJ finds the claimant cannot perform his past work, the Commissioner bears the burden of showing that he can perform other work that exists in significant numbers in the economy. *Zurawski v. Halter,* 245 F.3d 881, 886 (7th Cir. 2001). In making this determination, the ALJ typically relies on the DOT for information regarding the typical characteristics of jobs. The ALJ also relies on testimony from a VE to "supplement the information provided in the DOT by providing an impartial assessment of the types of occupations in which claimants can work and the availability of positions in such occupations." *Weatherbee v. Astrue,* 649 F.3d 565, 569 (7th Cir. 2011).

Plaintiff argues the VE's testimony lacked a reliable basis. Specifically, Plaintiff takes issue with the VE's use of the JobBrowser program to estimate the number of jobs existing in the economy. "A finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." *Britton v. Astrue*, 521 F.3d 799, 803 (7th Cir. 2008). However, a claimant forfeits any objection to the bases of a VE's testimony if he does not raise the objection at the evidentiary hearing. *Donahue v. Barnhart*, 279 F.3d 441, 446 (7th Cir. 2002).

Plaintiff did not object to or challenge the VE's testimony at the evidentiary hearing. During his exchange with the VE, counsel merely thanked her for her responses to his questions (Tr. 54). As such, Plaintiff waived any challenge to the VE's testimony. See, *Brown v. Colvin*, 845 F.3d 247, 254 (7th Cir. 2016).

## Conclusion

After a careful review of the record, the Court finds that ALJ committed no errors of law and that his findings are supported by substantial evidence. Accordingly, the final decision

of the Commissioner of Social Security denying Plaintiff's application for disability benefits is **AFFIRMED.** The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

    **IT IS SO ORDERED.**

    **DATED:  June 22, 2022**

    **STACI M. YANDLE**
    **United States District Judge**